UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERSATERM INC., <br><br>  Plaintiff, <br><br> v. <br><br> CITY OF SEATTLE, et al., <br><br>  Defendants. | CASE NO. C16-1217JLR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

## I.   INTRODUCTION

This matter comes before the court on Plaintiff Versaterm Inc.'s motion for a temporary restraining order ("TRO").  (Mot. (Dkt. # 4).)  Versaterm seeks to prevent Defendants City of Seattle ("the City") and Seattle Police Department ("the SPD") from disclosing allegedly proprietary and trade secret information pursuant to a request issued by nonparty Nolan Hicks under the Public Records Act ("PRA"), RCW ch. 42.56.  (*See generally* Mot.; Compl. (Dkt. # 1).)  Having considered Versaterm's motion and the related filings, the appropriate portions of the record, and the relevant law, and

ORDER- 1

considering itself sufficiently advised,[1] the court GRANTS the motion and RESTRAINS the City and the SPD from producing, disclosing, or releasing any documents or other materials in response to Mr. Hicks' PRA request pending further order of this court.

## II.   BACKGROUND

Versaterm is computer software company based on Ontario, Canada, that creates "advanced information management systems for public safety agencies." (Rosales Aff. (Dkt. # 5) ¶¶ 2-3.) Versaterm "deploy[s] police, fire, and emergency medical systems for integrated dispatch and records management" to over 75 agencies in Canada, Trinidad and Tobago, and the United States, including the SPD. (Id. ¶ 3.) The SPD leases four software programs from Versaterm: Computer Aided Dispatch ("CAD"), Records Management System ("RMS"), and Mobile Workstation ("MWS"), which includes Mobile Dispatch and Automatic Field Reporting ("AFR"). (Id. ¶ 5.) Each of Versaterm's software programs, including the four leased by the SPD, includes detailed manuals that describe the functionality and design of the software programs and provide the software specifications. (Id. ¶¶ 7-8.) These manuals "include detailed descriptions of the features and functions of Versaterm's software, step-by-step instructions on how to use Versaterm's software, and . . . screen shots of Versaterm's software." (Id. ¶ 8.)

According to Versaterm's Director of Finance and Administration, Theresa Rosales, "[i]t is absolutely critical to Versaterm that [its] software and manuals are

---

[1] The court finds a hearing unnecessary and impracticable in advance of the release of the information, which is scheduled to take place on August 5, 2016. (See Rosales Aff. (Dkt. # 5) ¶ 17.)

ORDER- 2

protected from disclosure and dissemination." (*Id.* ¶ 10.)  Ms. Rosales attests that release of such information to the public would put Versaterm at a competitive disadvantage because its competitors "would be free to replicate Versaterm's features, functions, methods and designs, including screen designs and graphical user interface.  If Versaterm's competitors had access to the Versaterm software manuals, they could also use the information in their marketing strategies to exploit any weaknesses they find." (*Id.*)  Versaterm's customers pay handsomely to use its products, with a typical customer contract running "into the millions of dollars." (*Id.* ¶ 4.)

Accordingly, Versaterm takes various steps to keep its manuals away from its competitors and the general public.  "Versaterm only provides its software and manuals to customers that Versaterm approves, who sign Versaterm's licensing agreements, and who pay Versaterm for the use of Versaterm's software." (*Id.* ¶ 9.)  Versaterm does not even share its software or manuals with potential customers. (*Id.* ¶ 11.)  Each of Versaterm's customers, including the SPD, agrees in writing "to maintain the confidentiality of Versaterm's proprietary information," including its manuals. (*Id.* ¶¶ 13, 15; *see also id.* ¶¶ 14, 16 (providing relevant language from agreements that the SPD signed in 2006).)  Further, Versaterm's software manuals all display the following legend on their covers:  "This document contains confidential and proprietary information and trade secrets of Versaterm Inc." (*Id.* ¶ 12.)

On June 2, 2016, Mr. Hicks issued a PRA request to the SPD seeking the following information:  "Manuals and other training documents relating to Versadex/Versaterm, specifically any guides or instructions about how to query and

ORDER- 3

1 | export crime data from the system." (*Id.* ¶¶ 19-20.)  It is Ms. Rosales's understanding
2 | that "Mr. Hicks has been trying to obtain copies of Versaterm's manuals from various
3 | other police departments around the country." (*Id.* ¶ 6 (concluding that Mr. Hicks'
4 | interest in the SPD may therefore "have nothing to do with Seattle or its police
5 | department").)  On July 20, 2016, almost seven weeks after receiving Mr. Hicks' request,
6 | the SPD notified Versaterm that absent a court order, it would provide Versaterm's
7 | software manuals and other proprietary information responsive to Mr. Hicks' PRA
8 | request on August 5, 2016. (*Id.* ¶¶ 17, 21 (listing the five specific manuals that the SPD
9 | intends to disclose to Mr. Hicks); *see* Mot. at 4.)  Versaterm attempted to initiate a
10 | dialogue with the SPD the next day about not disclosing the manuals. (*See* Mot. at 9;
11 | Rosales Aff. ¶ 18 (noting that Versaterm has dealt with similar issues in the past,
12 | including an incident with the SPD in which "the manuals were not produced").)  The
13 | SPD "did not substantively respond to Versaterm until July 27, 2016," providing for the
14 | first time a copy of Mr. Hicks' request. (*Id.* ¶ 19.)
15 |      Versaterm filed this lawsuit around noon today, August 4, 2016. (*See* Compl. at
16 | 1.)  Concurrently with its complaint, Versaterm filed the instant motion for a TRO. (*See*
17 | Mot. at 1.)  Versaterm argues that a TRO is necessary to preserve the status quo and
18 | prevent the SPD from disclosing Versaterm's confidential, proprietary, and trade secret
19 | information until the court can hold a hearing on a motion for a preliminary injunction.
20 | (*See id.* at 1-2.)
21 | //
22 | //

ORDER- 4

### III. ANALYSIS

Federal Rule of Civil Procedure 65 empowers the court to issue a TRO. Fed. R. Civ. P. 65. A plaintiff seeking a TRO in federal court must meet the standards for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Accordingly, Versaterm must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[2]

Versaterm's motion and the evidence submitted therewith are sufficient to warrant issuance of a TRO under the *Winter* requirements. Versaterm demonstrates that it has a likelihood of success on the merits by arguing that one of the PRA's express exemptions, RCW 42.56.270(11), Washington's enactment of the Uniform Trade Secrets Act, RCW 19.108.010(4), .020, .030, and Versaterm's common law "quasi-property" interest in the information at issue all bar disclosure of that information under the PRA. (*See* Mot. at 10-16 (citing, *inter alia*, RCW 42.56.070; *Robbins, Geller, Rudman & Dowd, LLP v. State*, 328 P.3d 905, 911 (Wash. Ct. App. 2014); and *United States v. Napper*, 694 F. Supp. 897 (N.D. Ga. 1988)).) Versaterm also shows that absent a TRO, it will likely suffer irreparable competitive harm via the disclosure of confidential, proprietary, and

---

[2] Although the court need not reach this basis for relief here, a preliminary injunction is also "appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates that irreparable harm is likely and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

trade secret information that is critical to its business success. (*See* Mot. at 16-18; *see also* Rosales Aff. ¶¶ 3-20.) In contrast, Mr. Hicks, the SPD, and the City will suffer minimal prejudice from a slight delay in disclosure, during which the parties will brief and the court will rule on a motion for a preliminary injunction. (*See* Mot. at 18-19.) The court therefore concludes that the balance of equities favors Versaterm. Finally, Versaterm persuasively argues that a TRO serves the public interest in the protection of trade secrets and confidential business information, and the court discerns no harm to any public interest that outweighs such considerations at this point. (*See id.* at 19.)

      The court may grant a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." Fed. R. Civ. P. 65(c). A district court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). The only prejudice to Mr. Hicks, the SPD, and the City is the minimal burden caused by the delay. On the other hand, Versaterm is a successful business entity that appears to be able to provide a small amount of security to offset this potential harm. (*See* Rosales Aff. ¶¶ 2-4.) The court therefore finds that a $1,000.00 bond is appropriate and ORDERS Versaterm to post such a bond no later than 3:00 p.m. tomorrow, August 5, 2016. *See* Fed. R. Civ. P. 65(c).

      The court concludes that it may rule on Versaterm's motion for a TRO without awaiting a response. Local Civil Rule 65(b)(1) provides:

> Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of [Federal Rule of Civil Procedure] 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

Local Rules W.D. Wash. LCR 65(b)(1); *see also id.* LCR 65(b)(5) ("If the movant meets the requirements of Fed. R. Civ. P. 65(b), the court may grant the motion without awaiting a response."). Versaterm has not yet complied with Federal Rule of Civil Procedure 65(b)(1)(B), which requires the moving party's attorney to certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Nevertheless, Versaterm has served its motion papers on the City and the SPD in accordance with Local Civil Rule 65(b)(1)[3] (*see* Mot. at 21) and demonstrated that it will suffer immediate and irreparable injury before any adverse party can practicably be heard in opposition (*see* Rosales Aff. ¶¶ 3-20); Fed. R. Civ. P. 65(b)(1)(A). The court could not reasonably obtain a response from Mr. Hicks, the City, or the SPD because absent an order from the court, the SPD will disclose the information at issue less than 24 hours from now. (*See* Rosales Aff. ¶ 17.) The court therefore GRANTS the motion under Local Civil Rule 65(b)(1) and ORDERS that no later than

---

[3] Although Versaterm has not provided the court with contact information for the opposing parties' counsel, the contact information for counsel for the SPD and the City is a matter of public record. The court therefore deems Versaterm's failure to provide such information immaterial.

ORDER- 7

3:00 p.m. tomorrow, August 5, 2016, Versaterm comply with Federal Rule of Civil Procedure 65(b)(1)(B).

Pursuant to Federal Rule of Civil Procedure 65(b)(2), the TRO instituted by this order expires 14 days from the date of filing unless the court issues an extension. *See* Fed. R. Civ. P. 65(b)(2). Furthermore, although the motion refers to Versaterm's desire for a preliminary injunction, the motion does not explicitly seek that relief. (*See* Mot.) The court therefore ORDERS Versaterm to file its motion for a preliminary injunction as soon as possible and in no event later than Monday, August 8, 2016. *See* Fed. R. Civ. P. 65(b)(3) ("If the [TRO] is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time . . . ."). Defendants' response to that motion is due no later than August 17, 2016, and Versaterm's reply, if any, is due no later than August 19, 2016.

Finally, Versaterm must serve Defendants with a copy of this order as soon as possible and in no event later than August 5, 2016, and must promptly file proof of service on the docket.

## IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS Versaterm's motion for a temporary restraining order (Dkt. # 4) and RESTRAINS the City and the SPD from producing, disclosing, or releasing any documents or other materials in response to Mr. Hicks' PRA request pending further order of this court. The court also ORDERS Versaterm to (1) post a bond of $1,000.00 and (2) comply with Federal Rule of Civil Procedure 65(b)(1)(B). Versaterm must perform these actions by 3:00 p.m. tomorrow,

August 5, 2016.  Unless the court orders otherwise, the TRO expires 14 days from the date of this order at 11:59 p.m.  The court further ORDERS Versaterm to file its motion for a preliminary injunction as soon as possible and in no event later than August 8, 2016.  That motion shall be noted for August 19, 2016, and the parties shall adhere to the briefing schedule set forth above.  The court ORDERS Versaterm to serve the City and the SPD with copies of this order no later than August 5, 2016, and file proof of service on the docket.[4]

Dated this 4th day of August, 2016.

JAMES L. ROBART
United States District Judge

---

[4] In addition, the court ORDERS Versaterm and Defendants to work together to provide Mr. Hicks with a copy of this order as soon as possible.

ORDER- 9