UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERSATERM INC.,<br><br>            Plaintiff,<br><br>            v.<br><br>CITY OF SEATTLE, et al.,<br><br>            Defendants. | CASE NO. C16-1217JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Plaintiff Versaterm Inc.'s ("Versaterm") motion to extend the duration of the existing temporary restraining order ("TRO") in this matter. (Mot. (Dkt. # 22.) On August 4, 2016, the court imposed a TRO pursuant to Federal Rule of Civil Procedure 65 and prohibited Defendants City of Seattle (the "City") and the Seattle Police Department (the "SPD") (collectively, "Defendants") from "producing, disclosing, or releasing any documents or other materials" in response to Nolan Hicks's Washington Public Records Act ("PRA") request, RCW ch. 42.56. (TRO (Dkt. # 8) at 8.) Without

ORDER- 1

further order of the court, the TRO expires on August 18, 2016, at 11:59 p.m. (*Id.* at 9.) Versaterm seeks an extension of the TRO until the court issues an order on Versaterm's pending motion for a preliminary injunction.[1] (Mot. at 2; *see also* PI Mot. (Dkt. # 13); Am. PI Mot. (Dkt. # 15).) Defendants did not respond to Versaterm's motion to extend the TRO.[2] (*See generally* Dkt.)

The court has considered the motion and related filings, the relevant portions of the record, and the applicable law. Being fully advised,[3] the court GRANTS Versaterm's motion and EXTENDS the duration of the TRO until such time as the court resolves Versaterm's pending motion for a preliminary injunction. The court also ORDERS Versaterm and Defendants, if Defendants so choose, to address in supplemental briefing whether Mr. Hicks is a necessary party to this action, according to the briefing schedule set forth herein. The court further ORDERS the parties to appear at a hearing on Versaterm's motion for a preliminary injunction on Tuesday, September 6, 2016, at 2:00 p.m. and ORDERS Versaterm to file no later than Monday, August 22, 2016, proof that either Versaterm or Defendants provided Mr. Hicks with a copy of this order.

---

[1] On August 10, 2016, Versaterm filed an amended motion for a preliminary injunction. (*See* PI Mot. (Dkt. # 15).) Accordingly, the clerk terminated Versaterm's August 8, 2016, motion. (*See* Dkt.) Because there appear to be no material differences between the two motions, the court finds that Versaterm complied with the court's August 4, 2016, order to file its motion for a preliminary injunction no later than August 8, 2016.

[2] In its response to Versaterm's motion for a preliminary injunction, the City requests that the court determine whether Versaterm "is entitled to a preliminary injunction requiring the City to withhold manuals and training documents that are the subject of a public disclosure request." (Resp. (Dkt. # 16) at 1.)

[3] The court finds a hearing unnecessary and impracticable in advance of the expiration of the TRO, which, absent an extension, will occur today, August 18, 2016, at 11:59 p.m..

## II. BACKGROUND

Versaterm is computer software company based in Ontario, Canada, and creates "advanced information management systems for public safety agencies." (Rosales Aff. (Dkt. # 5) ¶¶ 2-3.) Versaterm "deploy[s] police, fire, and emergency medical systems for integrated dispatch and records management" to over 75 agencies in Canada, Trinidad and Tobago, and the United States, including the SPD. (*Id.* ¶ 3.) The SPD leases four software programs from Versaterm: Computer Aided Dispatch ("CAD"), Records Management System ("RMS"), and Mobile Workstation ("MWS"), which includes Mobile Dispatch and Automatic Field Reporting ("AFR"). (*Id.* ¶ 5.) Versaterm's software programs, including the four leased by the SPD, come with detailed manuals that describe the functionality and design of the software programs and provide the software specifications. (*Id.* ¶¶ 7-8.) These manuals "include detailed descriptions of the features and functions of Versaterm's software, step-by-step instructions on how to use Versaterm's software, and . . . screen shots of Versaterm's software." (*Id.* ¶ 8.)

Versaterm's Director of Finance and Administration, Theresa Rosales, contends that "[i]t is absolutely critical to Versaterm that [its] software and manuals are protected from disclosure and dissemination." (*Id.* ¶ 10.) Ms. Rosales attests that release of such information to the public would put Versaterm at a competitive disadvantage because its competitors "would be free to replicate Versaterm's features, functions, methods and designs, including screen designs and graphical user interface. If Versaterm's competitors had access to the Versaterm software manuals, they could also use the information in their marketing strategies to exploit any weaknesses they find." (*Id.*)

Versaterm's customers pay handsomely to use its products; a typical customer contract runs "into the millions of dollars." (*Id.* ¶ 4.)

Accordingly, Versaterm keeps its manuals secret. "Versaterm only provides its software and manuals to customers that Versaterm approves, who sign Versaterm's licensing agreements, and who pay Versaterm for the use of Versaterm's software." (*Id.* ¶ 9.) Versaterm does not even share its software or manuals with potential customers. (*Id.* ¶ 11.) Each of Versaterm's customers, including the SPD, agrees in writing "to maintain the confidentiality of Versaterm's proprietary information," including its manuals. (*Id.* ¶¶ 13, 15; *see also id.* ¶¶ 14, 16 (quoting relevant language from agreements that the SPD signed in 2006).) Further, all of Versaterm's software manuals include the following language: "This document contains confidential and proprietary information and trade secrets of Versaterm Inc." (*Id.* ¶ 12.)

On June 2, 2016, Mr. Hicks issued a PRA request to the SPD seeking "[m]anuals and other training documents relating to Versadex/Versaterm, specifically any guides or instructions about how to query and export crime data from the system." (*Id.* ¶¶ 19-20.) Ms. Rosales understands that "Mr. Hicks has been trying to obtain copies of Versaterm's manuals from various other police departments around the country." (*Id.* ¶ 6 (concluding that Mr. Hicks's interest in the SPD may therefore "have nothing to do with Seattle or its police department").) On July 20, 2016, almost seven weeks after receiving Mr. Hicks's request, the SPD notified Versaterm that absent a court order, it would disclose Versaterm's software manuals and other proprietary information responsive to Mr. Hicks's PRA request on August 5, 2016. (*Id.* ¶¶ 17, 21 (listing the five specific manuals

ORDER- 4

that the SPD intends to disclose to Mr. Hicks); *see* TRO Mot. (Dkt. # 4) at 4.)  Versaterm contacted the SPD the next day to prevent the SPD from disclosing the manuals.  (*See* TRO Mot. at 9; Rosales Aff. ¶ 18 (noting that Versaterm has dealt with similar issues in the past, including an incident with the SPD in which "the manuals were not produced").)  The SPD "did not substantively respond to Versaterm until July 27, 2016," providing for the first time a copy of Mr. Hicks's request.  (*Id.* ¶ 19.)

Versaterm filed its lawsuit against Defendants on August 3, 2016, and did not name Mr. Hicks—the requester of the information—as a party to the suit.  (*See generally* Compl.)  Versaterm moved for a TRO the next day.  (*See generally* TRO Mot.)  Versaterm argued that a TRO was necessary to preserve the status quo and prevent the SPD from disclosing Versaterm's confidential, proprietary, and trade secret information until the court can hold a hearing on a motion for a preliminary injunction.  (*See id.* at 1-2.)  The court entered a TRO the same day, finding that (1) Versaterm had demonstrated a likelihood of prevailing on the merits of its claims, (2) Versaterm would suffer irreparable competitive harm if Defendants disclosed its information, (3) Defendants and Mr. Hicks would suffer only minimal prejudice from a minor delay in disclosure, and (4) a TRO served the public interest in protecting trade secrets and confidential business information.  (*See* TRO at 5-6.)  Pursuant to the court's order and Federal Rule of Civil Procedure 65(b)(2), Versaterm's TRO is set to expire on August 18, 2016, at 11:59 p.m.  (*Id.* at 9.)  This date is 14 days from entry of the TRO because the

ORDER- 5

court entered the TRO without notice to Defendants.[4] (*Id.*); Fed. R. Civ. P. 65(b)(2) ("Every temporary restraining order issued without notice . . . expires at the time after entry—not to exceed 14 days—that the court sets . . . ."); *see also* Local Rules W.D. Wash. LCR 65(b)(1) ("Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored . . . .").

Versaterm filed its motion for a preliminary injunction on August 8, 2016 (*see generally* PI Mot.), and Defendants filed their response to the motion on August 17, 2016 (*see generally* Resp. (Dkt. # 16); *see also* TRO at 8). Versaterm's reply in support of its motion, if any, is due August 19, 2016. (TRO at 8.) Versaterm now moves for an extension of the TRO until such time as the court hears and decides Versaterm's motion for a preliminary injunction. (Mot. at 2.)

### III.   ANALYSIS

**A.   Extension of the TRO**

Federal Rule of Civil Procedure 65(b)(2) requires:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party

---

[4] Versaterm contends that it "served all TRO moving papers on Seattle as soon as they were completed and before the Court's order." (Mot. at 3 (emphasis omitted).) However, Versaterm's counsel stated that Versaterm provided Defendants with the TRO papers the day after the court entered the TRO. (*See* Am. Beattie Decl. (Dkt. # 12) ¶¶ 5, 7.) At any rate, at the time the court entered the TRO, Versaterm had not informed the court of any notice to Defendants. (*See generally* Dkt.) Thus, the court entered its order as a TRO without notice to Defendants pursuant to Federal Rule of Civil Procedure 65(b)(2). (*See* TRO.)

ORDER- 6

      consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65(b)(2). Based on Rule 65(b)(2), the court set the present TRO to expire on August 18, 2016 at 11:59 p.m. (*See* TRO at 9.) Accordingly, Versaterm must establish "good cause" to extend the TRO beyond that time. Fed. R. Civ. P. 65(b)(2).

      Versaterm asserts that there is good cause to extend the TRO until the court rules on its motion for a preliminary injunction because (1) Defendants do not oppose extending the TRO (Mot. at 2-3); (2) there is no evidence in the record contradicting the court's findings from its August 4, 2016, order (*id.* at 4); and (3) Versaterm will suffer "catastrophic and irreparable" injury should the TRO not be extended because any harm resulting from disclosure could not be undone at a later time (*id.* at 5).

      The court agrees. Nothing has occurred to alter the analysis in the original TRO, and the court adopts and incorporates herein the findings and conclusions contained in that order concerning the requirements of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). (*See* TRO at 5-8.)

      In addition, there is no longer any need under Rule 65(b)(2) for the court to restrict the TRO to a 14-day period because Defendants received proper notice of Versaterm's motion to extend the TRO and have had an opportunity to respond to it. (*See* Aug. 4, 2016, Ord. (Dkt. # 18) at 3 (giving Defendants until 12:00 p.m. on August 18, 2016, to file a response regarding any extension of the TRO); Not. of Appear. (Dkt. # 14) (showing counsel for Defendants appeared in this matter on August 9, 2016)); *see also* Fed. R. Civ. P. 65(b)(4) (providing that on 2 days' notice, the party adverse to a TRO

may move to dissolve or modify the order). Thus, Rule 65(b)(2)'s 14-day restriction no longer applies.

The court therefore concludes that the circumstances that led it to issue the TRO on August 4, 2016, persist, and that Versaterm has established good cause for an extension of the TRO until such time as the court rules on Versaterm's motion for a preliminary injunction.

**B. Necessary Party Under Federal Rule of Civil Procedure 19**

Mr. Hicks is the reporter requesting Versaterm's information from Defendants under the PRA, but he is not a party to this litigation. (*See generally* Compl.) In granting the TRO, the court found that Mr. Hicks "will suffer minimal prejudice from a slight delay in disclosure, during which the parties will brief and the court will rule on a motion for a preliminary injunction" (*id.* at 6), and that "[t]he court could not reasonably obtain a response from Mr. Hicks" before ruling on Versaterm's TRO motion (*id.* at 7). However, in recognition of Mr. Hicks's interest in the outcome of this lawsuit, the court ordered the parties "to work together to provide Mr. Hicks with a copy of this order as soon as possible." (*Id.* at 9.) Versaterm's counsel subsequently affirmed that the City agreed to send a copy of the TRO to Mr. Hicks (Am. Beattie Decl. (Dkt. # 12) at ¶ 7) and filed an email showing that the TRO was sent to Mr. Hicks (Ex. A to Cert. of Serv. (Dkt. # 19-1)).[5]

---

[5] The court notes that the City sent the order to Mr. Hicks using the email address "nhick@statesman.com" (*see* Ex. A to Cert. of Serv. at 4), rather than the email address

It appears that Mr. Hicks may be a necessary party to this action. *See generally* Fed. R. Civ. P. 19(a). As the requester of Versaterm's information under the PRA, Mr. Hicks may have "an interest relating to the subject of the action and [be] so situated that disposing of the action in [his] absence may . . . as a practical matter impede [his] ability to protect the interest . . . ."[6] Fed. R. Civ. P. 19(a)(1)(B)(i); *see also Burt v. Wash. State Dep't of Corr.*, 231 P.3d 191, 195-96 (Wash. 2010) (holding that, under Washington Superior Court Rule 19, requester under the PRA was a necessary party to the injunction proceeding because "[w]ithout an advocate for the release of the requested records, th[e] purpose [of the PRA] can be frustrated"); *Cedar Grove Composting, Inc. v. City of Marysville*, 354 P.3d 249, 256 (Wash. Ct. App. 2015) (distinguishing *Burt* on the grounds that, even though the requester in *Cedar Grove* was absent from the proceeding, his absence did not "create the danger of a proceeding that is not 'truly adversarial.'").

Neither Versaterm nor Defendants have addressed this issue in their filings with the court. (*See generally* Mot.; Compl.; TRO Mot.; Am. PI Mot.; Resp.) Versaterm, however, apparently recognizes that Mr. Hicks is central to this litigation. For example, in its motion for preliminary injunction, Versaterm noted that it "has pressed [Defendants] to notify it and the Court . . . whether the reporter Hicks continues to request disclosure of Versaterm's trade secreted Computer Manuals and other Protected

---

"nhicks@statesman.com," from which Mr. Hicks appears to have sent his original PRA request (*see* Ex. A to Resp. (Dkt. # 17-1) at 2).

[6] To be a necessary party to this action, Mr. Hicks must also be "subject to service of process" and his joinder must "not deprive the court of subject-matter jurisdiction[.]" Fed. R. Civ. P. 19(a)(1).

Information." (PI Mot. at 2.) Versaterm also contends that "Mr. Hicks did not indicate why he needs this information or how he would expect to use it without access to the SPD computer system. . . . Neither did Hicks contact or make any inquiry of Versaterm, the owner of the Computer Manuals in question. . . . Hicks has also never explained why he is interested in how the Versaterm software works, and Versaterm is hard-pressed to understand why that is a matter for public consumption . . . ." (*Id.* at 9-10.) Indeed, in its instant motion, Versaterm requested that the TRO be extended in part because Versaterm has "heard nothing from" Mr. Hicks,[7] and Defendants did not object to either a TRO or preliminary injunction preventing them from disclosing Versaterm's information. (Mot. at 2-4.) Versaterm's focus on Mr. Hicks illustrates that his interest in the requested information lies at the heart of this suit. Accordingly, the court ORDERS Versaterm to address in supplemental briefing, pursuant to the briefing schedule set forth below, whether Mr. Hicks is a necessary party to this action. Defendants may also, but are not required to, address this issue in supplemental briefing on the same timeline.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Versaterm's motion and EXTENDS the TRO (Dkt. # 8) until such time as the court resolves Versaterm's pending motion for a preliminary injunction. The court also DIRECTS the parties to bring to the court's attention via motion any change in circumstances in the interim that might

---

[7] Of course, the questionable efforts at serving Mr. Hicks may explain Mr. Hicks's unresponsiveness. *See supra* n.6.

warrant either lifting the TRO or altering its scope.  In addition, the court ORDERS as follows:

      (1)    A hearing on Versaterm's motion for a preliminary injunction shall be held on Tuesday, September 6, 2016, at 2:00 p.m.;

      (2)    Versaterm shall file its reply in support of its motion for preliminary injunction, if any, no later than Friday, August 19, 2016, pursuant to the court's August 4, 2016, order;

      (3)    Versaterm shall also file, either along with its reply or separately, but in any event no later than Wednesday, August 24, 2016, supplemental briefing addressing whether Nolan Hicks is a necessary party to this action under Federal Rule of Civil Procedure 19.  Defendants may, but are not required to, file a response regarding the same issue no later than Wednesday, August 24, 2016.  No party's supplemental briefing may exceed five (5) pages; and

      (4)    Versaterm and Defendants shall work together to provide Mr. Hicks a copy of this order no later than Monday, August 22, 2016.  Versaterm shall file proof with the court that Versaterm or Defendants have provided Mr. Hicks a copy of this order.

Dated this 18th day of August, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 11